IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT THOMAS FRANKLIN TOOLEY, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>PRESIDENT GEORGE W. BUSH, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 06-CV-00306 |

### DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1) I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Before joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2) In my official capacity as Section Chief of RIDS, I supervise approximately 224 employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order

*12958, as amended;* Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the FOIA/Privacy Act request of Scott Thomas Franklin Tooley.

(4)    The purpose of this declaration is to provide the Court and plaintiff with an explanation of the search for records responsive to plaintiff's request to FBIHQ that resulted in no records being located.

## CORRESPONDENCE RELATED TO PLAINTIFF'S REQUEST

(5)    By letter dated October 25, 2005, the U.S. Department of Justice ("DOJ"), Justice Management Division, forwarded plaintiff's FOIA/Privacy Act request dated October 3, 2005 to FBIHQ which sought copies of all filings, correspondence, memoranda, documents, reports, records, statements, audits, lists of names, applications, diskettes, letters, expense logs and receipts, calendar or diary logs, facsimile logs, telephone records, call sheets, tape records, video recordings, notes, examinations, and/or referenced opinions, folders, files, books, manuals, pamphlets, forms, drawings, charts, photographs, electronic mail, and any other documents or things that refer to Scott Thomas Franklin Tooley. (See Exhibit A.)

(6) By letter dated October 28, 2005, the FBI advised plaintiff that a search of the automated indices to the Central Records System ("CRS") at FBIHQ located no responsive records for his request, which had been assigned FOIPA number 1031795. Plaintiff was also advised that he could appeal the FBI's "no record" response by writing to the DOJ Office of Information and Privacy ("OIP") within sixty (60) days. (See Exhibit B.)

(7) On March 15, 2006, the DOJ OIP advised the FBI that its office has no record of having received an administrative appeal from plaintiff. Therefore plaintiff failed to exhaust administrative remedies available to him prior to filing this complaint.

## **EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM ("CRS")**

(8) The CRS used by the FBI enables it to maintain all information which it has acquired in the course of fulfilling mandated law enforcement responsibilities. The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. This system consists of a numerical sequence of files broken down according to subject matter. The subject matter of a file may relate to an individual, organization, company, publication, activity, or foreign intelligence matter. Certain records in this CRS are maintained at FBIHQ. Records that are pertinent to specific field offices are maintained in those field offices.

(9) Access to the CRS is obtained through the General Indices, which are arranged in alphabetical order. The General Indices consist of index cards on various subject matters that are searched either manually or through the automated indices.

(10) The entries in the General Indices fall into two categories:

>  (a) A "main" entry – A "main" entry carries the name corresponding with a subject of a file contained in the CRS.

(b) A "reference" entry – "Reference" entries, sometimes called "cross-references," are generally only a mere mention or reference to an individual, organization, etc., contained in a document located in another "main" file.

(11) Access to the CRS files in FBI field offices is also obtained through the General Indices (automated and manual), which are likewise arranged in alphabetical order, and consist of an index on various subjects, including the names of individuals and organizations. Searches made in the General indices to locate records concerning a particular subject, such as Scott Thomas Franklin Tooley, are made by searching the subject requested in the index. FBI field offices have automated indexing functions.

(12) On October 16, 1995, the Automated Case Support ("ACS") system was implemented for all Field Offices, Legal Attaches ("Legats"), and FBIHQ. Over 105 million records were converted from automated systems previously used by the FBI. ACS consists of three integrated, yet separately functional, automated applications that support case management functions for all FBI investigative and administrative cases, which are:

(a) Investigative Case Management ("ICM") – ICM provides the ability to open, assign, and close investigative and administrative cases as well as set, assign, and track leads. The Office of Origin ("OO"), which sets leads for itself and other divisions, as needed, opens a case. The offices that receive leads are referred to as Lead Offices ("LOs"), formerly known as Auxiliary Offices. When a case is opened, it is assigned a Universal Case File Number ("UCFN"), which is used by all FBI field offices, Legats, and FBIHQ that are conducting or assisting in the investigation. Using a fictitious file number "12-WF-1234" as an example, an explanation of the UCFN is set forth: "12" indicates the classification for the specific type of investigation. "WF" is the abbreviated form used for the OO of the investigation, which in this

case is FBI's Washington Field Office, and "1234" denotes the individual case file number for that particular investigation.

(b) Electronic Case File ("ECF") – ECF serves as the central electronic repository for the FBI's official text-based documents. ECF supports the universal serial concept, in that only the creator of a document serializes it into a file, providing single source entry of serials into the computerized system. All original serials are maintained in the OO case file.

(c) Universal Index ("UNI") – UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index; however, the LOs may index additional information as needed. UNI, a 93.3 million record index, functions to index names to cases and to search names and cases for use in FBI investigations. Names of individuals or non-individuals are recorded with identifying information, such as sex, race, date or place of birth, locality, social security number, address, and/or date of event.

(13) The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the investigative FBI Special Agent ("SA") assigned to work on the investigation, the Supervisory SA ("SSA") in the field office conducting the investigation, and the SSA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that information considered pertinent, relevant, or essential for future retrieval.

(14) Without a "key" (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI,

which is to investigate violations of federal criminal and national security statutes. Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual i.e., Scott Thomas Franklin Tooley.

### SURVEILLANCE "ELSUR" INDICES

(15) The Electronic Surveillance ("ELSUR") indices are used to maintain information on subjects whose electronic and/or voice communications have been intercepted as the result of a warrantless (consensual) electronic surveillance or a court-ordered (and/or sought) electronic surveillance conducted by the FBI. The ELSUR indices date back to January 1, 1960. On or about October 9, 1991, the ELSUR indices were automated. Since that time, FBIHQ and all FBI field offices have electronically generated, maintained, modified and accessed all ELSUR records created since October 9, 1991.

(16) The ELSUR indices are a separate system of records from the CRS which, prior to automation, consisted of index cards on individuals who had been the subject of a microphone or telephone surveillance by the FBI from 1960. As stated above, the previous manual index card system was converted to an automated system on or about October 9, 1991. These indices include individuals who were the (1) targets of direct surveillance, (2) participants in monitored conversations, and (3) owners, leasers, or licensors of the premises where the FBI conducted electronic surveillance. In addition to the names of individuals in the above categories, the cards in the ELSUR index contain the date the voice was monitored, a source number to identify the individual on whom the surveillance was installed, and the location of the FBI field office that conducted the monitoring. The ELSUR indices are published as a separate records system in the

Federal Register because not all names contained in the ELSUR index can be retrieved through the General Index and CRS. See 52 Fed. Reg. 8482 (1992).

(17) The FBI field offices that have conducted electronic surveillance at any time from 1960 to the present also maintain ELSUR indices. Since January 1, 1960, the field offices have been including in their ELSUR indices and reporting to FBIHQ for inclusion in its index, the names of all persons whose voices have been monitored through a FBI microphone installation or a telephone surveillance. The names of monitored subjects are retrievable through the FBIHQ or local field office ELSUR indices.

(18) Until 1969, FBI field offices were also required to forward the names of all persons mentioned during monitored conversations to FBIHQ for inclusion in the FBIHQ ELSUR index. Although FBIHQ discontinued this requirement in 1969, some field offices still include the names of individuals mentioned in monitored conversations in the field office's ELSUR index. However, the names of such persons cannot be retrieved through the FBIHQ ELSUR index.

## RECORDS RESPONSIVE TO PLAINTIFF'S REQUEST

(19) In response to plaintiff's request, the FBI searched for potentially responsive records using the ACS Universal Index to search the CRS General Indices using plaintiff's name to locate any main investigatory files maintained at FBIHQ. A search conducted by using the name "Scott Thomas Franklin Tooley" would cover a six-way phonetic breakdown of the name. For example, this search would locate records using the phonetic sounds of each last, middle, and first name relating to the following names: "Tooley, Scott, Thomas Franklin," "Tooley, Scott, Thomas F," "Tooley, Scott, Thomas," Tooley, Scott, T, Franklin," "Tooley, Scott, T, F," "Tooley,

Scott, T," "Tooley, Scott," "Tooley, S, Thomas Franklin," "Tooley, S, Thomas F," "Tooley, S, Thomas," "Tooley, S, T, Franklin," "Tooley, S, T F," "Tooley, S, T," "Tooley, Thomas," and "Tooley, Franklin." FBIHQ also used plaintiff's date of birth and Social Security number to facilitate the identification of responsive records. The above-described search terms, including date of birth and social security number failed to locate any main investigatory files responsive to plaintiff's request.

(20) Upon receipt of the complaint in this litigation, the FBI decided to conduct a second search. In the absence of a specific request for a search of cross-references at the administrative level, the FBI's current policy is to search for and identify only "main" files responsive to FOIA requests. In this case, at the administrative level, plaintiff did not specifically request that a search be conducted for cross-references. It was determined that the FBI should search the FBIHQ indices of the CRS for cross-references. This second search failed to locate any pertinent main files or cross-references at FBIHQ. In addition, on March 20, 2006 the FBI conducted a search of the ELSUR Indices. This search failed to locate any records responsive to plaintiff's request.

(21) It should be noted that this search did not include FBI field office files. If the plaintiff believes that there may be additional files in FBI field offices, it is incumbent upon him to file requests with each individual field office that he believes maintains the records he seeks, per 28 C.F.R. Section 16.3(a) and 16.41(a) (2004).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through B attached hereto are true and correct copies.

Executed this __1st__ day of May, 2006.

*[signature]*

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTT THOMAS FRANKLIN TOOLEY, )
)
Plaintiff, )
)
v. ) Civil Action Number: 06-CV-00306
)
PRESIDENT GEORGE W. BUSH, et al., )
)
Defendant. )

# EXHIBIT A

**U.S. Department of Justice**
Justice Management Division

**Freedom of Information Act/Privacy Act Referral/Action Slip**

Clerk: M. Barnes

Date: OCT ⬛ ⬛ 2005

Organization: JMD/FASS

Building & Room: LOC, 113

| To | From | | To | From |
|---|---|---|---|---|
| ☐ | ☐ Office of Information & Privacy | | ☐ | ☐ Immigration Review, Executive Office for |
| | _____ | | ☐ | ☐ Inspector General, Office of |
| | _____ | | ☐ | ☐ Intelligence Policy and Review, Office of |
| | _____ | | ☐ | ☐ INTERPOL, U.S. National Central Bureau |
| ☐ | ☐ Antitrust Division | | ☐ | ☐ Justice Management Division Staff: _____ |
| ☐ | ☐ Bureau of Alcohol, Tobacco, Firearms and Explosives | | ☐ | ☐ Justice Programs, Office of |
| ☐ | ☐ Civil Division | | ☐ | ☐ Legal Counsel, Office of |
| ☐ | ☐ Civil Rights Division | | ☐ | ☐ National Drug Intelligence Center |
| ☐ | ☐ Community Relations Service | | ☐ | ☐ Pardon Attorney, Office of |
| ☐ | ☐ Community Oriented Policing Services | | ☐ | ☐ Professional Responsibility Advisory Office |
| ☒ | ☐ Criminal Division | | ☐ | ☐ Professional Responsibility, Office of |
| ☐ | ☐ Dispute Resolution, Office of | | ☐ | ☐ Solicitor General, Office of |
| ☐ | ☐ Drug Enforcement Administration | | ☐ | ☐ Tax Division |
| ☐ | ☐ Environment & Natural Resources Division | | ☒ | ☐ U.S. Attorneys, Executive Office for |
| ☐ | ☐ Federal Bureau of Prisons | | ☐ | ☐ U.S. Marshals Service |
| (☒) | ☐ Federal Bureau of Investigation | | ☐ | ☐ U.S. Parole Commission |
| ☐ | ☐ Federal Detention Trustee, Office of | | ☐ | ☐ U.S. Trustees, Executive Office for |
| ☐ | ☐ Foreign Claims Settlement Commission | | ☐ | ☐ _____ |

Requester: Larry Klayman

Ref: Scott T. F. Tooley

Date of Request: October 3, 2005

Received By: FOIA/PA Mail Referral Unit    Type of Request: FOI/PA

Remarks: Requester advised of this referral.

FORM JMD-481
Rev. Mar. 2004

# Walter & Haverfield LLP
### attorneys at law

FOIA

District of Columbia Office

Larry Klayman
lklayman@walterhav.com
216.928.2973 direct line
216 916.2437 direct fax

October 3, 2005

Patricia D. Harris, Management Analyst
FOIA/PA
Department of Justice
Room 1070, National Place Building
Washington, DC 20530-0001

ATTN: RECORDS CUSTODIAN
RE: **Freedom of Information Act Request**

Dear FOIA Officer:

    I represent Mr. Scott Tooley and pursuant to the Freedom of Information Act (hereinafter, "FOIA"), 5 U.S.C. 552, and its regulations, I hereby request from the U.S. Department of Justice true and correct copies of all filings, correspondence, memoranda, documents, reports, records, statements, audits, lists of names, applications, diskettes, letters, expense logs and receipts, calendar or diary logs, facsimile logs, telephone records, call sheets, tape records, video recordings, notes, examinations, and/or referenced opinions, folders, files, books, manuals, pamphlets, forms, drawings, charts, photographs, electronic mail, and any other documents or things that refer to my client Scott Tooley.

    I hereby request expedited processing of this request and thank you for your expected cooperation in responding to my request in an expedited fashion pursuant to 5 U.S.C. §552 (a)(6)(E)(ii)(I), because there is a compelling need for the information and time truly is of the essence in this matter.

    Pursuant to the FOIA, if any portions of the requested documents are claimed to be privileged, those portions which are not claimed to be privileged should be provided to the undersigned. This should be done prior to the conclusion of the statutory 20-day period for a response.

In addition, under the FOIA there is an absolute requirement to produce those segregable portions of documents which are not claimed to be privileged, as well as a list ("Vaughn Index") that indicates by date, author, and general subject matter, and claims of privilege(s) those documents, or portions thereof, which have been withheld or not provided. Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir 1973), cert denied, 415 U.S. 977 (1974); Iglesias v. Central Intelligence Agency, 525 F. Supp. 547 (D.C. 1981); see generally LaRocca v. State Famr Mut. Auto. Ins. Co., 47 F.R.D. 278 (W.D. Pa 1985)

Further, I am entitled to a public interest fee waiver for this request. At 5 U.S.C. §552 (a)(A)(iii), the FOIA sets forth a two prong test to determine whether a fee waiver is appropriate. First the disclosure must be in the public interest by contributing significantly to the public's understanding of the operations of the government. *Schrecker v. Department of Justice*, 970 F. Supp. 49, 50 (D.D.C. 1997); *Fitzgibbon v. Agency for International Development*, 724 F. Supp. 1048, 1050 (D.D.C. 1989); *Larson v. Central Intelligence Agency*, 843 F.2d 1481, 1483 (D.C. Cir. 1988). Second, the disclosure must not be primarily in the commercial interest of the requester. *Schrecker*, 970 F. Supp. At 50; *Fitzgibbon*, 724 F.2d at 1050; *Larson*, 843 F. 2d at 483.

Disclosure of the requested records will contribute to an understanding of this particular subject and will further citizen awareness of significant issues, thereby benefiting the general public. I look forward to receiving the requested information and a full public interest fee waiver within ten (10) business days.

Very truly yours,

Larry Klayman

U.S. Department of Justice               **Certification of Identity**           

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  SCOTT THOMAS FRANKLIN TOOLEY

Citizenship Status [2] UNITED STATES          Social Security Number [3] 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

Current Address  3401 VISTA GREENS COURT, LOUISVILLE, KENTUCKY  40241

Date of Birth  FEBRUARY 12, 1974          Place of Birth  LINCOLN, NEBRASKA

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _Scott Tooley_                    Date SEPT. 30, 2005

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

MR. LARRY KLAYMAN, WALTER & HAVERFIELD LLP
                    Print or Type Name

---

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016                                          FORM DOJ-361
EXPIRES 4/31/07                                                                 SEPT 04

**Walter & Haverfield**
attorneys at law

Evening Star Building
1101 Pennsylvania Avenue - 7th Floor
Washington, DC 20004

**RETURN RECEIPT REQUESTED**

CERTIFIED MAIL

7003 2260 0005 6114 2515

US POSTAGE $04.42
PITNEY BOWES
02 1A
0004387613
MAILED FROM ZIP CODE 44114
OCT 04 2005

ATTORNEY GENERAL SERVICE
OCT 11 2005
OF PROCESS

Patricia D. Harris, Management Analyst
FOIA/PA
Department of Justice
Room 1070, National Place Building
Washington, D.C. 20530-0001

20530+0001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTT THOMAS FRANKLIN TOOLEY, )
)
Plaintiff, )
)
v. )  Civil Action Number: 06-CV-00306
)
PRESIDENT GEORGE W. BUSH, et al., )
)
Defendant. )

# EXHIBIT B



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

October 28, 2005

LARRY KLAYMAN ESQ
WALTER & HAVERFIELD, LLP
EVENING STAR BUILDING
7TH FLOOR
1101 PENNSYLVANIA AVENUE
WASHINGTON, DC 20004

Request No.: 1031795-000
Subject: TOOLEY, SCOTT THOMAS
FRANKLIN

Dear Mr. Klayman:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

A search of the automated indices to our central records system files at FBI Headquarters located no records responsive to your FOIPA request.

Although no records responsive to your FOIPA request were located, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U. S. Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530, within 60 days from the date of this letter. The envelope and the letter should be clearly marked "Information Appeal." Please cite the FOIPA request number assigned to your request so that it may easily be identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division