IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SCOTT TOOLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06CV00306 |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

DECLARATION OF J. ANTHONY KENDRICK

I, J. Anthony Kendrick, hereby declare and state as follows:

1. I am the Director of Departmental Disclosure for the Department of Homeland Security (DHS), Washington, D.C., 20528. I have held this position since May 2004.

2. I have had many prior years of experience administering a Freedom of Information Act/Privacy Act (FOIA/PA) program in several different federal agencies. At DHS, my duties consist of overall management of the FOIA/PA program for the Department, including processing of FOIA requests received by DHS Headquarters, oversight of FOIA processing by members of the FOIA/PA DHS Headquarters program, referring requests to the DHS components when appropriate (e.g., if a requester asks for records that would be maintained by a DHS component) and consulting with other DHS offices at Headquarters and in DHS components on release determinations.

3. My office is responsible for processing FOIA requests for the Office of the Secretary and Executive Management, which includes the Management Directorate, the Policy Office, and nine program offices.

4.  Due to the nature of my official duties, I am familiar with the procedures followed by
DHS in responding to requests for information from its files pursuant to the provisions of the
FOIA.  I make this declaration on personal knowledge and on information I have received in the
performance of my official duties.

5.  DHS regulations governing FOIA and Privacy Act requests were published in the
Federal Register of January 27, 2003, are codified at 5 C.F.R. Part 5 and are published on the
DHS website.  http://www.dhs.gov/interweb/assetlibrary/FOIA_FedReg_Notice.pdf.  In
addition, there are instructions on the DHS website about how to make a FOIA request.
http://www.dhs.gov/dhspublic/interapp/editorial/editorial_0316.xml.  Both the regulations and
the instructions advise first-party requesters that they must describe the records sought in enough
detail to enable Department personnel to locate the system of records containing them with a
reasonable amount of effort.  As a corollary, requesters are advised to submit as much file- or
event-related information to permit an organized search.  This advice is primarily based on the
fact that the Department does not maintain a central index of records that are retrieved by name
or personal identifier, and so it is important to understand the nature of the request in context;
i.e., why the requester believes that DHS may have records pertaining to the requester.  DHS
regulations also indicate that my office can forward requests to other components on behalf of
requesters who do not know to which component to address a request.

6.  By letter dated October 3, 2005, plaintiff, through his counsel, submitted a FOIA
request for "all filings, correspondence, memoranda, documents, reports, records, statements,
audits, lists of names, applications, diskettes, letters, expense logs and receipts, calendar or diary
logs, facsimile logs, telephone records, call sheets, tape records [sic], video recordings, notes,
examinations, and/or referenced opinions, folders, files, books, manuals, pamphlets, forms,

2

drawings, charts, photographs, electronic mail, and any other documents or things that refer to my client Scott Tooley." (A copy of this request letter is attached to this declaration as Attachment 1).

7. Although this request lists a wide variety of types of documents that are being requested, there is nothing in the correspondence that indicates why plaintiff believes that DHS would maintain any of these types of documents about him. In the absence of such file- or event-related information or any details as to why the Department would maintain records about plaintiff, my staff cannot even begin to search for records. Moreover, there is nothing in the request to suggest that any DHS component would maintain records about plaintiff, so a referral for direct response was not appropriate.

8. Accordingly, I directed that a response be prepared to this request advising plaintiff's counsel that the request was not specific enough to permit a reasonable search. This response, dated October 5, 2005, (attached to this Declaration as Attachment 2) also advised plaintiff's counsel of my determination that we would undertake a search if he provided more information about his client's request, but that if we did not hear from him within 60 days of the date of the letter, we would administratively close the request. We have no record of receiving any further communications from Mr. Klayman until notification of this lawsuit.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this 17th day of April, 2006.

_____
J. ANTHONY KENDRICK

3

# ATTACHMENT 1



# Walter & Haverfield LLP
### attorneys at law



District of Columbia Office

Larry Klayman
*lklayman@walterhav.com*
216.928.2973 direct line
216.916.2437
direct fax

October 3, 2005

Department of Homeland Security
Tony Kendrick
Director, Departmental Disclosure
Room 3310-15
Washington, D.C.   20528

ATTN: RECORDS CUSTODIAN
RE: **Freedom of Information Act Request**

Dear FOIA Officer:

I represent Mr. Scott Tooley and pursuant to the Freedom of Information Act
(hereinafter, "FOIA"), 5 U.S.C. 552, and its regulations, I hereby request from the U.S.
Department of Homeland Security true and correct copies of all filings, correspondence,
memoranda, documents, reports, records, statements, audits, lists of names, applications,
diskettes, letters, expense logs and receipts, calendar or diary logs, facsimile logs, telephone
records, call sheets, tape records, video recordings, notes, examinations, and/or referenced
opinions, folders, files, books, manuals, pamphlets, forms, drawings, charts, photographs,
electronic mail, and any other documents or things that refer to my client Scott Tooley.

I hereby request expedited processing of this request and thank you for your expected
cooperation in responding to my request in an expedited fashion pursuant to 5 U.S.C. §552
(a)(6)(E)(ii)(I), because there is a compelling need for the information and time truly is of the
essence in this matter.

Pursuant to the FOIA, if any portions of the requested documents are claimed to be
privileged, those portions which are not claimed to be privileged should be provided to the
undersigned. This should be done prior to the conclusion of the statutory 20-day period for a
response.

In addition, under the FOIA there is an absolute requirement to produce those segregable portions of documents which are not claimed to be privileged, as well as a list ("Vaughn Index") that indicates by date, author, and general subject matter, and claims of privilege(s) those documents, or portions thereof, which have been withheld or not provided. Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir 1973), cert denied, 415 U.S. 977 (1974); Iglesias v. Central Intelligence Agency, 525 F. Supp. 547 (D.C. 1981); see generally LaRocca v. State Famr Mut. Auto. Ins. Co., 47 F.R.D. 278 (W.D. Pa 1985)

Further, I am entitled to a public interest fee waiver for this request. At 5 U.S.C. §552 (a) (A) (iii), the FOIA sets forth a two prong test to determine whether a fee waiver is appropriate. First the disclosure must be in the public interest by contributing significantly to the public's understanding of the operations of the government. *Schrecker v. Department of Justice*, 970 F. Supp. 49, 50 (D.D.C. 1997); *Fitzgibbon v. Agency for International Development*, 724 F. Supp. 1048, 1050 (D.D.C. 1989); *Larson v. Central Intelligence Agency*, 843 F.2d 1481, 1483 (D.C. Cir. 1988). Second, the disclosure must not be primarily in the commercial interest of the requester. *Schrecker*, 970 F. Supp. At 50; *Fitzgibbon*, 724 F.2d at 1050; *Larson*, 843 F. 2d at 483.

Disclosure of the requested records will contribute to an understanding of this particular subject and will further citizen awareness of significant issues, thereby benefiting the general public. I look forward to receiving the requested information and a full public interest fee waiver within ten (10) business days.

Very truly yours,

Larry Klayman

U.S. Department of Justice                 **Certification of Identity**



---

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    SCOTT THOMAS FRANKLIN TOOLEY

Citizenship Status [2] UNITED STATES     Social Security Number [3] 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

Current Address   3401 VISTA GREENS COURT, LOUISVILLE, KENTUCKY 40241

Date of Birth FEBRUARY 12, 1974     Place of Birth LINCOLN, NEBRASKA

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]     _Scott Tooley_     Date SEPT. 30, 2005

---

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

MR. LARRY KLAYMAN, WALTER & HAVERFIELD LLP

**Print or Type Name**

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

---

# ATTACHMENT 2



U.S. **Department of Homeland Security**
Arlington, Virginia 22202

# Homeland Security

*Privacy Office DHS-D3*

October 5, 2005

Mr. Larry Klayman
Walter & Haverfield LLC
1101 Pennsylvania Avenue 7th floor
Washington, DC 20004

Re: **DHS/OS/PO 06-4**

Dear Mr. Klayman:

This acknowledges receipt of your Freedom of Information Act (FOIA)/Privacy Act (PA) request to the Department of Homeland Security (DHS), dated October 3, 2005, which was received in our office on October 3, 2005, seeking any and all documents DHS documents which refer to your client Mr. Scott Tooley.

Based on the limited information you have provided, we cannot conduct an adequate search. The Department of Homeland Security does not maintain a central index of records based upon individual names.

Pursuant to §5.21(b) of the DHS Privacy Act regulations, 6 C.F.R. Part 5, you must describe the records you are seeking with as much information as possible to ensure that our search of appropriate systems of records can find them with a reasonable amount of effort. In addition to the information that you provided, this description should include, the DHS component agency you believe created and/or controls the records, the time period that you believe the records or files were created and the purpose for which the records were complied. If you can provide adequate additional information described in this paragraph, we will undertake a search for responsive records.

Please provide additional information describing the records you are seeking. If we do not hear from you within 60 days from the date of this letter, we will assume you are no longer interested in this FOIA request and the case will be administratively closed. If you have any further questions regarding this matter, please refer to **DHS/OS/PO 06-4**. The DHS Privacy Office can be reached at 571-227-3813.

Sincerely,

Catherine M. Papoi
Deputy Director, Departmental Disclosure & FOIA