IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT TOOLEY, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:06-cv-00306CKK |
| | ) |
| v. | ) |
| | ) DECLARATION OF |
| GEORGE W. BUSH, | ) CATRINA M. PAVLIK |
| President | ) |
| | ) |
| RICHARD CHENEY, | ) |
| Vice President | ) |
| | ) |
| ALBERTO GONZALES, | ) |
| Attorney General of the United States | ) |
| | ) |
| MICHAEL CHERTOFF, | ) |
| Secretary of Homeland Security | ) |
| | ) |
| EDMUND HAWLEY, | ) |
| Assistant Secretary of Homeland Security, | ) |
| Transportation Security Administration | ) |
| | ) |
| LT. GEN MICHAEL HAYDEN, | ) |
| National Security Agency | ) |
| | ) |
| Defendants. | ) |

I, Catrina M. Pavlik, do hereby declare as follows:

1.    I am currently the Freedom of Information Act (FOIA) Officer for the

Transportation Security Administration (TSA) within the Department of Homeland Security

(DHS). I am responsible for processing all requests made to TSA under the FOIA,

5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, for initiating searches for records relevant

to such requests, and for supervising the determination of what records or portions thereof should be disclosed. I have held this position since September 2003.

    2.    Due to the nature of my official duties, I am familiar with TSA's obligations under the FOIA and Privacy Act, including application of the various exemptions. The statements made in this declaration are based on my personal knowledge, information made

available to me in the performance of my official duties, and conclusions reached in accordance therewith.

    3.    The purpose of this declaration is to set forth the chronology of correspondence relating to Plaintiff Scott Tooley's FOIA request; to describe the searches conducted to identify records responsive to Plaintiff's FOIA request; to explain TSA's procedures for processing documents responsive to this request; and to identify the basis for TSA's decision neither to confirm nor deny that the Plaintiff is on a watch list maintained by TSA.

### Chronology of Administrative Action and Correspondence

    4.    By his letter dated October 3, 2005, Mr. Larry Klayman submitted to TSA a Privacy Act and FOIA request (hereinafter "FOIA Request") on behalf of Plaintiff Scott Tooley. Along with the FOIA request, Mr. Klayman submitted a U.S. Department of Justice Certification of Identity Form completed and signed by Mr. Tooley (hereinafter "DOJ Certification"). This form contains Mr. Tooley's full name, citizenship status, Social Security Number, current address, date of birth and place of birth. By signing the DOJ Certification, Mr. Tooley certified that he is requesting information about himself and authorized the government's release of information concerning himself to Mr. Klayman. A copy of the FOIA Request and the DOJ

Declaration of Catrina M. Pavlik          2
Case No. 1:06-cv-00306-CKK

Certification, which TSA received on October 4, 2005, are attached as Exhibits A and B.  The

FOIA Request sought the following records:

> Copies of all filings, correspondence, memoranda, documents, reports, records,
> statements, audits, lists of names, applications, diskettes, letters, expense logs and
> receipts, calendar or diary logs, facsimile logs, telephone records, call sheets, tape
> records, video recordings, notes, examinations, and/or referenced opinions, folders, files,
> books, manuals pamphlets, forms, drawings, charts, photographs, electronic mail, and any
> other documents concerning or referring to or mentioning [name].

Case 1:06-cv-00306-CKK    Document 6-7    Filed 05/01/2006    Page 3 of 33

5.    Plaintiff's FOIA Request also sought expedited processing pursuant to 5 U.S.C.

§552(a)(6)(E)(ii)(I), and a public interest fee waiver, pursuant to 5 U.S.C. §552(a)(A)(iii).

6.    By letter dated October 4, 2005, TSA acknowledged receipt of the Plaintiff's

FOIA Request and assigned FOIA request number TSA06-0011.  A copy of the October 4, 2005,

TSA acknowledgment letter is attached as Exhibit C.

7.    On October 5, 2005, I contacted Mr. Klayman via telephone to discuss the scope

of the request and, in an effort to help focus our search for responsive records, to obtain more

information about Mr. Tooley's association or contacts with TSA.  During this discussion, Mr.

Klayman indicated that Mr. Tooley believed himself to be on a TSA watch list because of

comments he had made to a Southwest Airlines representative; as a result of this interaction, Mr.

Tooley reportedly believed that the airline employee had added his name to a TSA watch list.

Mr. Klayman confirmed that he sought any TSA record indicating that Mr. Tooley was on a TSA

watch list.  Based on this conversation, I understood that Mr. Klayman had narrowed the scope of

his request to seek any record concerning the appearance of Mr. Tooley's name on a TSA watch

list.  Therefore, my office limited the scope of our initial search for responsive records to any

TSA watch list records concerning Mr. Tooley.

Declaration of Catrina M. Pavlik                    3
Case No. 1:06-cv-00306-CKK

8.      By letter dated November 14, 2005, TSA denied Plaintiff's request for expedited

processing because he had failed to submit a certified statement explaining in detail the basis for

the request and certifying such statement as true and correct as required by the Department of

Homeland Security FOIA regulation at 6 C.F.R. §5.5. Further, Plaintiff was advised that he must

provide justification for his fee waiver request based on the factors provided in the DHS FOIA

regulation at 6 C.F.R. §5.11(k)(2) within ten days from the date of the letter or the fee waiver

would be denied. Plaintiff failed to provide TSA with the requested fee waiver justification and,

therefore, the fee waiver request has also been denied. A copy of TSA's letter of November 14,

2005, is attached as Exhibit D.

9.      By letter dated December 6, 2005, Plaintiff appealed TSA's denial of his request

for a fee waiver and expedited treatment. The appeal stated that Mr. Tooley was "placed on the

terrorist watch list for unknown reasons stemming from an alleged interaction with Southwest

Airlines whereby he suggested better cargo hold security." Plaintiff's appeal asked TSA to

provide all requested documents within ten days and warned that failure to provide such

documents would result in immediate legal action. A copy of Plaintiff's letter of December 6,

2005, which TSA received on December 14, 2005, is attached as Exhibit E.

10.      On December 7, 2005, a member of my staff contacted Mr. Klayman via

telephone, advised him that the TSA Office of the Ombudsman provided a watch list clearance

protocol, and directed him to the TSA website to obtain the TSA Passenger Identity Verification

Form that Mr. Tooley could submit to initiate the clearance process.

11.      By letter dated December 8, 2005, TSA responded to Plaintiff's FOIA request.

Declaration of Catrina M. Pavlik                    4
Case No. 1:06-cv-00306-CKK

TSA neither confirmed nor denied the existence of any records pertaining to Plaintiff on any TSA watch list, pursuant to 49 U.S.C. §114(s) and 49 C.F.R. §1520.15. TSA again advised Plaintiff that the Office of the Ombudsman offered a procedure to expedite the watch list clearance procedures and provided the contact information for that office. A copy of TSA's letter of December 8, 2005, is attached as Exhibit F.

12.     By letter dated January 4, 2006, TSA responded to Plaintiff's December 6, 2005, appeal of TSA's fee waiver and expedited treatment denial. By that letter, TSA advised that it had responded to Plaintiff's FOIA request on December 8, 2005, and that there was no fee associated with processing his request. A copy of TSA's letter of January 4, 2005, is attached as Exhibit G.

13.     By letter dated February 7, 2006, Plaintiff appealed TSA's December 8, 2005, response to his FOIA Request. Plaintiff appealed first on the ground that TSA's refusal to confirm or deny whether Mr. Tooley is on a TSA watch list was unresponsive and stated that the FOIA Request "did not ask specifically for information about TSA watch lists." Plaintiff then asserted that, even if the request encompassed information concerning TSA's watch lists, he is entitled to such information since he believed that he was improperly placed on a TSA watch list. Plaintiff requested that TSA reconsider its response of December 8, 2005, and produce all responsive documents to Plaintiff within thirty days of the receipt of the appeal letter. A copy of Plaintiff's letter of February 7, 2006, is attached as Exhibit H.

14.     By letter dated April 24, 2006, TSA responded to Plaintiff's appeal. This response from the TSA FOIA Appellate Authority, Ms. Tamara Miller, Special Counsel,

affirmed the initial determination neither to confirm nor deny the existence of records indicating

whether Plaintiff is on a watch list. TSA's response granted the appeal in part, with respect to

the scope of the records searched, and advised that the FOIA Office conducted a new search for

records responsive to Plaintiff's request. As a result of the new search, TSA identified two

records that may be responsive to Plaintiff's request. TSA compared these two records to the

DOJ Certification provided by Mr. Tooley, but could not determine whether the records pertain

to Plaintiff on the face of what had been provided. Therefore, in order to determine whether the

records pertain to Plaintiff, TSA asked Plaintiff to provide to TSA: any addresses used by Mr.

Tooley during June 2004, and information concerning any contacts Plaintiff had initiated with

TSA, including the offices contacted, the general subject matter of the contact, and the

approximate date range for the contact. A copy of TSA's letter of April 24, 2006, is attached as

Exhibit I.

## Scope of Search

15.    During my telephone conversation with Mr. Klayman on October 5, 2005, see ¶ 7,

Mr. Klayman indicated that, with the FOIA Request, he sought records indicating whether Mr.

Tooley was on a TSA watch list. Therefore, my office limited the scope of its initial search to

records pertaining to the TSA watch lists.

16.    Based on Plaintiff's appeal of February 7, 2006, TSA initiated a more extensive

search for responsive records. Due to the breadth of Plaintiff's request, which sought any record

anywhere in the agency related to him, it would have been overly burdensome to search every

TSA office across the country. Therefore, my office identified those offices that are most likely

to have records concerning members of the public and directed that they search for responsive

records. The following offices conducted a search: Executive Secretariat, Office of Chief

Counsel, Legislative Affairs, Office of Transportation Security Intelligence, Operations and

Technical Training Divisions, Internal Affairs, Office of Human Capital, Security Operations,

Office of Transportation Threat Assessment and Credentialing (hereinafter "TTAC"), and the

Office of the Ombudsman. Each of these offices was directed to provide any responsive records

to the FOIA office or, if no records were located, to provide negative responses to the FOIA

office, and each did so.

17.    With the exception of the Office of the Ombudsman and TTAC, none of the

offices tasked to conduct a search located any record responsive to Plaintiff's request after

conducting a reasonable search. The offices performed both electronic and manual searches.

18.    Upon searching its records, the Office of the Ombudsman and TTAC each located

a record that may be responsive to Plaintiff's request. However, the personal information

provided by Plaintiff on the DOJ Certification did not match the identifying information

contained in the located records. In order to determine whether the two records pertain to the

Plaintiff, and because release of the records to Plaintiff if they did not pertain to him might result

in a violation of the Privacy Act, 5 U.S.C. § 552a, TSA requested additional information in our

April 24, 2006, response to Plaintiff's appeal, as noted above. *See* Exhibit I. TSA currently is

awaiting Plaintiff's response to this request for additional information in order to determine

whether these records are in fact about the Plaintiff and may be released.

## Exemption 3

19.     Exemption 3 of the FOIA allows the withholding of information "specifically prohibited from disclosure by statute (other than section 552b of this title), provided that such

Case 1:06-cv-00306-CKK     Document 6-7     Filed 05/01/2006     Page 8 of 33

statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. §552(b)(3).

20.     Pursuant to 49 U.S.C. § 114(s) and implementing regulations at 49 C.F.R. Part 1520, Sensitive Security Information (SSI) is exempt from disclosure notwithstanding the Freedom of Information Act, 5 U.S.C. § 552, the Privacy Act of 1974, 5 U.S.C. § 552a, or any other laws because release "would be detrimental to the security of transportation." 49 U.S.C. §114(s)(1)(C).

21.     TSA does not disclose the names and identifying information of individuals on TSA watch lists.  The watch lists are incorporated into Security Directives and Emergency Amendments issued to air carriers and constitute SSI under governing regulations at 49 C.F.R. §1520.5. In order to protect the integrity of the watch lists, TSA cannot provide any information about individuals who are or are not on the watch lists.  If it were to confirm in one case that a particular individual was not on a watch list, but was constrained in another case merely to refuse to confirm or deny whether a second individual was on a watch list, the accumulation of these answers over time would tend to reveal SSI.  Accordingly, in this case, TSA neither confirmed

nor denied the existence of any records pertaining to Plaintiff's presence on any TSA watch list, as that information constitutes SSI, and any other answer would compromise information that is exempt from the disclosure requirements of the FOIA under 5 U.S.C. § 552(b)(3).

**Conclusion**

22.    All TSA offices that were expected to maintain records concerning members of

the public and, specifically, records responsive to Plaintiff's Request were searched. Further, if Plaintiff provides additional information in a timely manner to allow TSA to determine whether the two records located pertain to him, all reasonably segregable non-exempt portions of such records will be released in an expeditious manner.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May _1_, 2006        _Catrina Pavlik_

Catrina M. Pavlik
Freedom of Information Act Officer
Transportation Security Administration
Department of Homeland Security

# EXHIBIT A



Walter &
Haverfield LLP
attorneys at law

The Tower at Erieview
1301 East Ninth Street, Suite 3500, Cleveland, Ohio 44114-1821
216.781.1212 tel | 216.575.0911 fax | www.walterhav.com

## FACSIMILE MESSAGE

| TO: | Catrina Pavlick, Associate Director |
|---|---|
| ORGANIZATION: | Transportation Security Administration |
| RECEIVING UNIT FAX NO.: | (571) 227-1406 |
| RECIPIENT'S PHONE NUMBER: | |
| TOTAL NO. OF PAGES INCLUDING THIS PAGE: | 4 pages |
| DATE: | October 3, 2005 |
| CLIENT/MATTER NO.: | 24884-1 |
| MESSAGE FROM: | Larry Klayman |
| DIRECT DIAL NUMBER: | 216-928-2973 |
| MESSAGE: | |

IRS RULES OF PRACTICE REQUIRE US TO INFORM YOU THAT TO THE EXTENT THIS COMMUNICATION, INCLUDING ATTACHMENTS, MENTIONS ANY FEDERAL TAX MATTER, IT IS NOT INTENDED OR WRITTEN, AND CANNOT BE USED, FOR THE PURPOSE OF AVOIDING FEDERAL TAX PENALTIES. IN ADDITION, THIS COMMUNICATION MAY NOT BE USED BY ANYONE IN PROMOTING, MARKETING OR RECOMMENDING THE TRANSACTION OR MATTER ADDRESSED HEREIN. ANYONE OTHER THAN THE RECIPIENT WHO READS THIS COMMUNICATION SHOULD SEEK ADVICE BASED ON THEIR PARTICULAR CIRCUMSTANCES FROM AN INDEPENDENT TAX ADVISOR.

RECEIVING OPERATOR:

IMPORTANT NOTICE: This message is intended for use only by the person or organization to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, any distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by collect telephone call and return the original by U.S. Postal Service to Walter & Haverfield LLP Message Center, The Tower at Erieview, 1301 E. Ninth Street, Suite 3500, Cleveland, OH 44114-1821. Thank you.

THE ORIGINAL OF THIS TRANSMISSION WILL BE FORWARDED BY:

☐ Regular U.S. Mail
☐ Personal Messenger
☒ Certified Mail
☐ Overnight Delivery
☐ This facsimile will be the ONLY form of delivery

RightFax                    10/3/2005 5:01    PAGE 002/004    Fax Server



# Walter & Haverfield LLP
### attorneys at law

Larry Klayman
lklayman@walterhav.com
216.928.2973 direct line
216.916.2437
direct fax

District of Columbia Office

October 3, 2005

Transportation Security Administration
Catrina Pavlick, Associate Director
Office of Security
West Building, 4th Floor
Room 432-N, TSA-20
601 South 12th Street
Arlington, VA  22202-4220

TSA FOIA DIVISION - 571-227-2300
FOIA CASE NO:__TSA06-0011__
RECEIVED:____10/4/05____
SUSPENSE DATE:____10/14/05.____
SPECIAL INSTRUCTIONS:

ATTN: RECORDS CUSTODIAN
RE: **Freedom of Information Act Request**

Dear FOIA Officer:

I represent Mr. Scott Tooley and pursuant to the Freedom of Information Act (hereinafter, "FOIA"), 5 U.S.C. 552, and its regulations, I hereby request from the Transportation Security Administration true and correct copies of all filings, correspondence, memoranda, documents, reports, records, statements, audits, lists of names, applications, diskettes, letters, expense logs and receipts, calendar or diary logs, facsimile logs, telephone records, call sheets, tape records, video recordings, notes, examinations, and/or referenced opinions, folders, files, books, manuals, pamphlets, forms, drawings, charts, photographs, electronic mail, and any other documents or things that refer to my client Scott Tooley.

I hereby request expedited processing of this request and thank you for your expected cooperation in responding to my request in an expedited fashion pursuant to 5 U.S.C. §552 (a)(6)(E)(ii)(I), because there is a compelling need for the information and time truly is of the essence in this matter.

Pursuant to the FOIA, if any portions of the requested documents are claimed to be privileged, those portions which are not claimed to be privileged should be provided to the undersigned. This should be done prior to the conclusion of the statutory 20-day period for a response.

Washington D.C. Office | 601 Pennsylvania Avenue NW Floor 1 Washington, DC 20004
202.256.7740 | www.walterhav.com

In addition, under the FOIA there is an absolute requirement to produce those segregable portions of documents which are not claimed to be privileged, as well as a list ("Vaughn Index") that indicates by date, author, and general subject matter, and claims of privilege(s) those documents, or portions thereof, which have been withheld or not provided. Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir 1973), cert. denied, 415 U.S. 977 (1974); Iglesias v. Central Intelligence Agency, 525 F. Supp. 547 (D.C. 1981); see generally LaRoche v. State Farm Mut. Auto. Ins. Co., 47 F.R.D. 278 (W.D. Pa 1985).

Further, I am entitled to a public interest fee waiver for this request. At 5 U.S.C. §552 (a) (A) (iii), the FOIA sets forth a two prong test to determine whether a fee waiver is appropriate. First the disclosure must be in the public interest by contributing significantly to the public's understanding of the operations of the government. *Schrecker v. Department of Justice*, 970 F. Supp. 49, 50 (D.D.C. 1997); *Fitzgibbon v. Agency for International Development*, 724 F. Supp. 1048, 1050 (D.D.C. 1989); *Larson v. Central Intelligence Agency*, 843 F.2d 1481, 1483 (D.C. Cir. 1988). Second, the disclosure must not be primarily in the commercial interest of the requester. *Schrecker*, 970 F. Supp. At 50; *Fitzgibbon*, 724 F.2d at 1050; *Larson*, 843 F. 2d at 483.

Disclosure of the requested records will contribute to an understanding of this particular subject and will further citizen awareness of significant issues, thereby benefiting the general public. I look forward to receiving the requested information and a full public interest fee waiver within ten (10) business days.

Very truly yours,

Larry Klayman

# EXHIBIT B

RightFax          10/3/2005 5:01    PAGE 004/004    Fax Server

U.S. Department of Justice                **Certification of Identity**        

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   SCOTT THOMAS FRANKLIN TOOLEY

Citizenship Status [2]  UNITED STATES        Social Security Number [3]  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

Current Address  3401 VISTA GREENS COURT, LOUISVILLE, KENTUCKY  40241

Date of Birth  FEBRUARY 12, 1974        Place of Birth  LINCOLN, NEBRASKA

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  ___Scott Tooley___        Date SEPT. 30, 2005

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

MR. LARRY KLAYMAN, WALTER & HAVERFIELD LLP
                **Print or Type Name**

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 4/01/07

FORM DOJ-361
SEPT 04

# EXHIBIT C

U.S. Department of Homeland Security

Freedom of Information Act
and Privacy Act Division
Arlington, VA 22202

October 4, 2005

TSA06-0011

Mr. Larry Klayman
1101 Pennsylvania Ave, 7th Floor
Washington , DC 20004

**Transportation Security Administration**

Dear Mr. Klayman:

This is to inform you that the Transportation Security Administration's Freedom of Information Act (FOIA) Office received your FOIA request dated October 3, 2005. Your request has been given identification number TSA06-0011 . Please cite this number in any further inquiry about this request.

I must advise you that depending upon the category of requesters you fall in, fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. In accordance with 6 C.F.R. §5.3(c), if you make a FOIA request, it shall be a firm commitment by you to pay all applicable fees charged under § 5.11 up to $25.00. The combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Many requests do not require any fees however, if fees exceed $25.00, we will notify you beforehand.

TSA uses a multi-track system to process request on a first in, first out basis. Simple requests are able to be answered more quickly and will be placed on the fast track of our multi-track processing. More complex requests generally require significant processing time. Although TSA's goal is to respond with 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period. If your request involves a voluminous amount of records, requires that we collect records from separate offices, or requires that we consult with another agency, TSA is invoking the 10-day extension for your request.

If you would like to narrow the scope of your request, we may be able to respond more quickly. Please contact us if you wish to narrow your request or arrange for an alternative time period to complete the processing. We can be reached at the following toll free number (866) 364-2872.

Sincerely,

Catrina M. Pavlik
Associate Director
Freedom of Information Act
and Privacy Act Division

www.tsa.gov

# EXHIBIT D

U.S. Department of Homeland Security

Freedom of Information Act
and Privacy Act Division
Arlington, VA 22202



Transportation
Security
Administration

NOV 14 2005

Mr. Larry Klayman
Walter & Haverfield                                    **FOIA Case Number: TSA06-00011**
Evening Star Building
1101 Pennsylvania Ave, 7th Floor
Washington, D.C. 20004

Dear Mr. Klayman:

This is in response to your request for a fee waiver and expedited processing of your October 3, 2005, Freedom of Information Act (FOIA) request to the Transportation Security Administration (TSA). Specifically, you requested copies of all filings, correspondence, memoranda, documents, reports, records, statements, audits, lists of names, applications, diskettes, letters, expense logs and receipts, calendar or diary logs, facsimile logs, telephone records, call sheets, tape records, video recordings, notes, examinations, and/or referenced opinions, folders, files, books, manuals, pamphlets, forms, drawings, charts, photographs, electronic mail, and any other documents or things that refer to Scott Tooley.

We have initially determined that based upon the information you provided to us in your request, you are not a member of the news media. The news media category is appropriate only when "disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); 6 CFR § 5.11(k)(2)(iv).

TSA evaluates fee waiver requests under the legal standard set forth above and the fee waiver policy guidance issued by the Department of Justice on April 2, 1987, as incorporated into the Department of Homeland Security's Freedom of Information Act regulations. These regulations set forth six factors to examine in determining whether the applicable legal standard for fee waiver has been met. 6 CFR § 5.11(k)(2). We will consider these factors in our evaluation of your request for a fee waiver: (1) whether the subject of the requested records concerns "the operations or activities of the government"; (2) whether the disclosure is "likely to contribute" to an understanding of government operations or activities; (3) whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requestor of a narrow segment of interested persons; (4) whether the contribution to public understanding of government operations or activities will be "significant"; (5) whether the requester has a commercial interest that would be furthered by the requested disclosure; and (6) whether the magnitude of any identified commercial interest to the requestor is sufficiently large in comparison with the public interest in disclosure that disclosure is primarily in the commercial interest of the requestor.

www.tsa.gov

As a requester, you bear the burden under the FOIA of showing that the fee waiver requirements have been met. A fee waiver is granted based on a determination that the substantive content of the discloseable portions of the records requested is likely to contribute significantly to public understanding of government operations or activities. See 5 U.S.C. § 552(a)(4)(A)(iii). Information that is already in the public domain is not likely to contribute to public understanding.

Please submit, within 10 days from the date of this letter, a justification for your fee waiver request based on the factors listed above. If we do not hear from you within that time, your request for a fee waiver will be denied.

In your letter you also requested expedited treatment. Under the Department of Homeland Security's FOIA regulation, expedited processing of a FOIA request is warranted if it is determined that the request involves "circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," 6 C.F.R. § 5.5(d)(1)(i), or "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information" 6 C.F.R. § 5.5(d)(1)(ii). Requesters that seek expedited processing must submit a statement explaining in detail the basis for the request, and the requester to be true and correct must certify that statement. 6 C.F.R. 5.5(d)(3). See also 5 U.S.C. § 552(a)(6)(E).

After reviewing your October 3rd letter, the TSA is denying your request for expedited processing because you failed to submit a certified statement explaining the basis for the request under the standards cited above. Your letter failed to present any facts to justify a grant of expedited processing under the applicable standards.

The undersigned is the person responsible for these determinations. Appeal to these determinations may be made in writing to Douglas Callen, Director, Office of Security, Transportation Security Administration, TSA-Headquarters, West Building, 4th Floor, TSA-20, 601 South 12th Street, Arlington, VA 22202-4220. Your appeal must be submitted within 30 days after receipt of this determination. It should contain any information and state, to the extent possible, the reasons why you believe the initial determination should be reversed and the envelope in which the appeal is mailed in should be prominently marked "FOIA Appeal." The Director's determination will be administratively final

If you have any questions, or would like to discuss this matter, please feel free to contact this office at 1-866-FOIA-TSA (364-2872).

Sincerely,

Catrina Pavlik
Associate Director
Freedom of Information Act
 And Privacy Act Division

2

# EXHIBIT E



# Walter & Haverfield LLP

## attorneys at law

District of Columbia Office

Larry Klayman
lklayman@walterhav.com
216.928.2973  direct line
216.916.2437  direct fax

December 6, 2005

**VIA CERTIFIED MAIL**

Transportation Security Administration
Catrina Pavlik,  Associate Director
Office of Security
West Building, 4th Floor
Room 432-N, TSA-20
601 South 12th Street
Arlington, VA   22202-4220

Re:    **Request of Scott Tooley, FOIA Case Number TSA06-00011**

Dear Ms. Pavlik:

We are in receipt of your November 14, 2005 letter denying our request for a fee waiver and for expedited treatment of our request.  In light of your letter, we reiterate the necessity of immediate action in this case.  Mr. Tooley is an upstanding citizen and a former legislative aide to Congressman Christopher Cox, who is now the Chairman of the Securities and Exchange Commission.  Notwithstanding his distinguished background, he has been placed on the terrorist watchlist for unknown reasons stemming from an alleged interaction with Southwest Airlines whereby he suggested better cargo hold security.

Time is of the essence in this case.  The harm to Mr. Tooley is compounded every day he inappropriately remains on the terrorist watchlist.  Please provide us with all requested documents within 10 days of receipt of this letter.  Failure to do so will result in immediate legal action.

Thank you for your continued cooperation.

Sincerely,

Larry Klayman

457425-1

The Tower at Erieview  1  1301 East Ninth Street, Suite 3500  |  Cleveland, Ohio 44114-1821
216.781.1212 tel  |  216.575.0911  |  www.walterhav.com

# EXHIBIT F

U.S. Department of Homeland Security

Freedom of Information Act
And Privacy Act Division
Arlington, VA 22202

DEC -8 2005



**Transportation
Security
Administration**

**FOIA Case Number: TSA 06-0011**

Mr. Larry Klayman
Walter & Haverfield
Evening Star Building
1101 Pennsylvania Ave, 7th Floor
Washington, DC 20004

Dear Mr. Klayman:

This letter responds to your Freedom of Information Act (FOIA) request dated October 3, 2005, in which you requested copies of all filings, correspondence, memoranda, documents, reports, records, statements, audits, lists of names, applications, diskettes, letters, expense logs and receipts, calendar or diary logs, facsimile logs, telephone records, call sheets, tape records, video recordings, notes, examinations, and/or referenced opinions, folders, files, books, manuals, pamphlets, forms, drawings, charts, photographs, electronic mail, and any other documents or things that refer to Scott Tooley.

To ensure transportation security, TSA does not disclose the names and identifying information of individuals on TSA's watch lists. The watch lists are appended to and are a part of Security Directives and Emergency Amendments issued to air carriers, and constitute sensitive security information (SSI) under the governing regulations. 49 U.S.C. §114(s) exempts from disclosure information that would be "detrimental to the security of transportation." The Transportation Security Administration has promulgated regulations that define such information as Sensitive Security Information, or "SSI." See 49 CFR §1520.5 (2004). In addition, 49 C.F.R. §1520.15(a) provides that notwithstanding the Freedom of Information Act (5 U.S.C. §552), the Privacy Act (5 U.S.C. §552a), or any other laws, records containing SSI are not available for public inspection or copying, nor does TSA release such records to persons without a need to know. To confirm or deny that a particular individual is on a TSA watch list, or the existence of related documents, would disclose SSI and be detrimental to the security of transportation. Accordingly, with respect to your request seeking records relating to individuals named on a watch list, TSA can neither confirm nor deny the existence of responsive records under the provisions cited above.

The Office of the Ombudsman has developed a procedure to expedite the watch list clearance procedures and ask that passengers who experience these delays contact them at 601 South 12th Street – West Tower, TSA-22, Arlington, VA 22202, Toll-Free (866) 289-9673 or by email at TSA-ContactCenter@dhs.gov. There is no fee associated with processing this request.

The undersigned is the person responsible for this determination. Administrative appeal from this determination may be made in writing to Douglas Callen, Director, Office of Security, Transportation Security Administration, East Tower, TSA-20, 601 South 12th Street, Arlington, VA 22202-4220. Your appeal **must be submitted within 60 days from the date of this determination.** It should contain

all information and state, to the extent possible, the reasons why you believe the initial determination should be reversed. The envelope in which the appeal is mailed should be prominently marked "FOIA Appeal." The Director's determination will be administratively final. If you have any questions pertaining to your request, please feel free to contact the FOIA office at 866-364-2872.

Sincerely,

Catrina M. Pavlik
Associate Director
Freedom of Information Act
And Privacy Act Division

www.tsa.gov

# EXHIBIT G

U.S. Department of Homeland Security

Freedom of Information Act
and Privacy Act Division
Arlington, VA 22202



Transportation
Security
Administration

JAN _4 2006

Mr. Larry Klayman
Walter & Haverfield
Evening Star Building
1101 Pennsylvania Ave, 7th Floor
Washington, DC 20004

Re: FOIA Case Number: TSA06-0011 (Expedited Processing and Fee Waiver Appeal)

Dear Mr. Klayman:

The Transportation Security Administration (TSA) received your letter dated December 6, 2005 appealing our decision regarding expedited processing and a fee waiver for your Freedom of Information Act (FOIA) request, dated October 3, 2005. You requested the following information:

"Copies of all filings, correspondence, memoranda, documents, reports, records, statements, audits, lists of names, applications, diskettes, letters, expense logs and receipts, calendar or diary logs, facsimile logs, telephone records, call sheets, tape records, video recordings, notes, examinations, and/or referenced opinions, folders, files, books, manuals, pamphlets, forms, drawings, charts, photographs, electronic mail, and any other documents or things that refer to Scott Tooley."

In my letter dated December 8, 2005, I responded to your initial request by informing you that TSA neither confirms nor denies the existence of No-Fly records concerning your client. I also noted that there was no fee associated with processing the request. Accordingly, I am administratively closing your December 6, 2005 appeal.

If you have any questions pertaining to your request, please feel free to contact the FOIA office at 866-364-2872.

Sincerely,

Catrina M. Pavlik
Chief
Freedom of Information Act
 And Privacy Act Division

www.tsa.gov

# EXHIBIT H

# Walter & Haverfield LLP
### attorneys at law

*Appeal*

Jonathan R. Goodman
*jgoodman@walterhav.com*
216.928.2918 direct line
216.916.2331 direct fax

February 7, 2006

### *VIA FEDERAL EXPRESS*

Douglas Callen
Director, Office of Security
Transportation Security Administration
East Tower
TSA-20
601 South 12th Street
Arlington, VA 22202-4220

    Re:   *FOIA Appeal- Case Number TSA 06-0011*

Dear Mr. Callen:

    This is an administrative appeal of the December 8, 2005 letter denying Mr. Scott Tooley's October 3, 2005 FOIA request that was signed by Catrina Pavlik, the Associate Director of TSA's Freedom of Information Act and Privacy Act Division. A copy of this denial is enclosed.

    In that letter, TSA denied Mr. Tooley's request purportedly because "TSA does not disclose the names and identifying information of individuals on TSA's watch lists." Please note, however, that the reasons for that denial are unresponsive to Mr. Tooley's request. His October 3, 2005 request asked for "true and correct copies of all filings, correspondence, memoranda, documents, reports, records, statements, audits, lists of names, applications, diskettes, letters, expense logs and receipts, calendar or diary logs, facsimile logs, telephone records, call sheets, tape records, video recordings, notes, examinations, and/or referenced opinions, folders, files, books, manuals, pamphlets, forms, drawings, charts, photographs, electronic mail, and any other documents or things that refer to...Scott Tooley." It did not ask specifically for information on TSA's watch lists. To the extent that TSA's denial is prefaced on a limited reading of Mr. Tooley's request, we ask that all responsive information be turned over to Mr. Tooley within 30 days of receipt of this letter.

    In addition, even if the request does encompass information concerning TSA's watch lists, Mr. Tooley is entitled to that information, since Mr. Tooley believes that he has been improperly placed on one or more of those watch lists and must be removed immediately. The reasons given by TSA supporting its FOIA request denial are unsupportable by law. *See e.g.,*

24884/462781-1

The Tower at Erieview | 1301 East Ninth Street, Suite 3500 | Cleveland, Ohio 44114-1821
216.781.1212 tel | 216.575.0911 fax | www.walterhav.com

Douglas Callen
February 7, 2006
Page 2

*Gordon v. FBI*, Case No. 03-1779 (N.D.CA) (holding "It is beyond peradventure that the public has a strong interest in understanding the government's administration of the watch lists...the public thus has a right to know, and to demand, that the lists are being administered as competently as possible so as to minimize the number of 'false positives'").

Mr. Tooley therefore requests that TSA reconsider its denial of his FOIA request and forward all responsive material to him within 30 days after receipt of this letter. Failure to comply with his request will result in immediate legal action.

Sincerely,

Jonathan R. Goodman
Counsel for Scott Tooley

JRG:ses
Enclosure

24884/462781-1

# EXHIBIT I

U.S. Department of Homeland Security

Office of the Special Counsel
601 South 12ᵗʰ Street
Arlington, VA  22202

 **Transportation
Security
Administration**

APR 2 4 2006

Mr. Larry Klayman                          FOIA Appeal Case Number: TSA06-0011
Walter & Haverfield
The Tower at Erieview
1301 East Ninth Street, Ste. 3500
Cleveland, OH  44114-1821

Case 1:06-cv-00306-CKK    Document 6-7    Filed 05/01/2006    Page 32 of 33

Dear Mr. Klayman:

This is in response to your letter dated February 7, 2006, in which you appealed the Transportation
Security Administration's (TSA) December 8, 2005, response to your Freedom of Information Act
(FOIA) request.  Specifically, you appealed TSA's narrow reading of your request to pertain to only
those records indicating whether your client, Mr. Scott Tooley, is on any TSA "watch list," and
TSA's determination to neither confirm nor deny whether your client is on a watch list.

After reviewing your appeal and the administrative record, I am granting your appeal in part with
respect to the scope of records.  The FOIA office has conducted a new search for responsive
records, the results of which are detailed below.  However, I affirm TSA's decision to neither
confirm nor deny the existence of records indicating whether Mr. Tooley is on a watch list.  I base
this decision on the reasons provided in TSA's initial response to your FOIA request.

In that your request pertains to records other than those relating to watch lists, TSA has searched all
offices in which records may reasonably be located.  This second search resulted in two records
being found that may be responsive to your request.  However, from your description of the records
sought, as "documents or things that refer to my client Scott Tooley," TSA lacks specific details to
ensure that your client and the individual referenced in our records are the same person.  To
mistakenly release these documents may constitute a direct violation of the Privacy Act.  5 U.S.C. §
552a(b).

To determine whether the two records are about your client, the FOIA Office is requiring the
following information: (a) any addresses used by Mr. Tooley during June, 2004, and, (b) any
contacts initiated by Mr. Tooley with TSA, including the Office(s) contacted, the general subject
matter of the contact, and the approximate date range for that contact. Such contacts would include
any written, telephonic or email communications.

Since this matter is in litigation, I request that all further communication be directed to Ms. Rupa
Bhattacharyya, the U.S. Department of Justice attorney assigned to this matter.  If you desire
these additional records, please provide the requested information to Ms. Bhattacharyya.  She can
be reached by telephone at 202-514-3136, by fax at 202-318-7593, and by email at
Rupa.Bhattacharyya@usdoj.gov.  If you do not provide the additional information by

**www.tsa.gov**

April 27, 2006, I will affirm the initial determination for this request.  My response will constitute TSA's final decision on this matter.

Sincerely,

Tamara L. Miller
Special Counselor

2