IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT TOOLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PRESIDENT GEORGE W. BUSH, ALBERTO )<br>GONZALES et. al. )<br>)<br>Defendants. )<br>_____/ | CASE NO. 06 0306 CKK |

**STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS A GENUINE
ISSUE NECESSARY TO BE LITIGATED**

As required by Local Rule 7.1(h), and in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Memorandum of Law in Support thereof, Plaintiff, Scott Tooley, makes the following statement of material facts as to which there is genuine issue necessary to be litigated. This Statement of Material Facts pertains to the FOIA issue upon which the Defendants are seeking summary judgment and does not apply to the opposition to the Defendants' 12(b)(1) Motion to Dismiss, where a Statement of Material Facts is not required or necessary.

**PLAINTIFF'S FOIA REQUESTS TO DHS**

1. On October 3, 2005 Scott Tooley submitted a FOIA request for "all filings, correspondence, memoranda, documents, reports, records, statements, audits, lists of names, applications, diskettes, letters, expense logs and receipts, calendar or diary logs, facsimile logs, telephone records, call sheets, tape records, video recordings, notes, examinations and/or referenced opinions, folders, files, books, manuals, pamphlets,

forms, drawings, charts, photographs, electronic mail, and any other documents or things that refer to my client Scott Tooley." See Exhibit A, ¶6.

2. The request is reasonable and complies with DHS regulations governing FOIA requests.

3. On October 5, 2005 DHS responded by failing to produce any substantive documents and stated that the request was not specific enough because the agency does not maintain a system of records that can be accessed by an individual's name. Exhibit A, ¶5,7,8.

4. The present "system" maintained by DHS significantly impaired Mr. Tooley's ability to obtain the records.

5. The DHS has not offered a reasonable explanation for its policies and procedures regarding its lack of a central index of records that are retrievable by name or personal identifier.

6. The DHS has a duty to conduct a reasonable search for documents responsive to the request which it has met.

7. The DHS has not met its burden to demonstrate that the agency thoroughly searched for the documents where the documents might reasonably be found.

8. The agency's response constituted an improper denial of a properly framed request for access to records.

## PLAINTIFF'S FOIA REQUEST TO THE TSA

9. On October 3, 2005, Plaintiff, Scott Tooley, submitted a FOIA request for "Copies of all filings, correspondence, memoranda, documents, reports, records, statements, audits, lists of names, applications, diskettes, letters, expense logs and

receipts, calendar or diary logs, facsimile logs, telephone records, call sheets, tape records, video recordings, notes, examinations and/or referenced opinions, folders, files, books, manuals pamphlets, forms, drawings, chars, photographs, electronic mail, and any other documents which refer to my client Scott Tooley." Exhibit B, ¶4.

10. With the request, Plaintiff submitted a U.S. Department of Justice Certification of Identity Form. The form submitted by the Plaintiff disclosed his full name, "Scott Thomas Franklin Tooley," his social security number, his citizenship statues, current address, date of birth, and place of birth. Exhibit B, ¶4.

11. After receipt of the request, the TSA contacted counsel for Mr. Tooley, Larry Klayman. Mr. Klayman indicated that the Plaintiff believed himself to be on a TSA watch list due to a conversation that Plaintiff had with a Southwest Airlines employee, pursuant to the employee's having asked Plaintiff if he had any "comments, questions, or suggestions for Southwest Airlines." When this question was posed to Plaintiff, Plaintiff suggested that Southwest Airlines better screen baggage in the wake of the tragedies of September 11, 2001. When asked why this was necessary, Plaintiff responded that Southwest Airlines should better screen baggage that passengers checked, because a bomb could be placed aboard a plane.

12. Ms. Pavlick concluded from the conversation that Mr. Klayman had narrowed the scope of the request to seek only records of Plaintiff's name on a TSA watch list. Exhibit B, ¶7.

13. Mr. Klayman did not limit the request to documents that pertained solely to watch list information and was simply supplying additional information at the officer's request.

14. On December 8, 2006, DHS responded by failing to produce any substantive documents and refused outright to confirm or deny the existence of responsive records. Exhibit B, ¶11

15. Plaintiff appealed due to the unresponsive nature of the response submitted by TSA and further because the FOIA request did not ask specifically for information about TSA watch lists.

16. The TSA claimed privilege, under Exemption 3, over any documents pertaining to a TSA watch list, and concluded that disclosure to Plaintiff of whether or not his named appeared on a watch list was disclosure of "Sensitive Security Information." Exhibit B, ¶21.

17. The TSA admitted that it had two (2) documents that potentially could be responsive, but withheld the documents from Plaintiff, claiming the necessity that Plaintiff provide more information to confirm that he was the person identified in the documents. Exhibit B, ¶22.

18. The TSA's request for additional information to confirm Plaintiff's identity was disingenuous, because Plaintiff, six (6) months prior, completed and submitted to the TSA a U.S. Department of Justice Certification of Identity Form, disclosing Plaintiff's full name, social security number, citizenship, current address, date of birth, and place of birth. Exhibit B, ¶4.

19. The TSA's explanation that it could not properly identify Plaintiff, even though Plaintiff has supplied to the TSA all of information Plaintiff has regarding his identity is not reasonable.

21. The affidavit supplied by Catrina M. Pavlick fails to articulate a plausible or credible specific harm stemming from disclosure and fails to describe the documents withheld.

22. The TSA has not demonstrated that an adequate search was conducted.

Respectfully Submitted,

_____/s/_Larry Klayman_____

Larry Klayman, Esquire
 D.C. Bar# 334581
THE KLAYMAN LAW FIRM, P.A.
Attorneys for Plaintiff
Courvoisier Centre II
601 Brickell Key Drive, Suite 404
Miami, FL 33131
Telephone: (305) 579-3455
Facsimile: (305) 579-3454
Email:  leklayman@bellsouth.net

Dated:  September 1, 2006.